IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| JEROME THEODORE POWELL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:25-mc-00015-TLP-cgc |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, and All | ) | |
| of Its Subdivisions, Subsidiaries, Territories, | ) | |
| Enclaves, and Minor Islands | ) | |
| | ) | |
| Defendant. | ) | |

---

**ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS
COMPLAINT**

---

Pro se Plaintiff Jerome Theodore Powell, Jr., filed a "praecipe to the clerk," allegedly establishing a trust.[1] (*See* ECF No. 2.) Under Administrative Order No. 2013-05, this Court referred the case to Magistrate Judge Charmiane G. Claxton to manage all pretrial matters. Judge Claxton issued a Report and Recommendation ("R&R") in March 2025 recommending that the Court dismiss the Complaint. (ECF No. 5.) Her R&R notified Plaintiff that he had 14 days to object to the R&R. Plaintiff moved to strike the R&R, which this Court construes as his objection. (ECF No. 6.)

In the R&R, Judge Claxton recommends dismissing Plaintiff's Complaint for failure to state a claim upon which relief can be granted. (ECF No. 5.) She also recommends denying

---

[1] As Judge Claxton notes "[a] praecipe is an order requesting a writ or other legal document." (ECF No. 5 at PageID 13.)

Plaintiff leave to appeal in forma pauperis and certifying that any appeal by Plaintiff would not be taken in good faith. For the reasons below, this Court **ADOPTS** the R&R in part.

<u>**BACKGROUND AND THE R&R**</u>

Plaintiff sued here on March 18, 2025. (ECF No. 1.) He paid the $52 miscellaneous case filing fee. (ECF No. 4.) Judge Claxton issued her R&R that same day. (ECF No. 5.) Plaintiff objected to the R&R three days later. (*See* ECF No. 6.) Over the next nine months, Plaintiff filed dozens of incoherent filings on the docket. (*See* ECF Nos. 7–35.) As a result, Judge Claxton stayed the case and required Plaintiff to seek the leave of the Court before filing any more documents. (ECF No. 36.) Plaintiff sought leave to file more documents, which Judge Claxton denied. (ECF Nos. 37–38.)

Plaintiff's Complaint, labeled "praecipe to the clerk," purports to declare a trust— JEROME THEODORE POWELL JR.—naming Jerome Theodore Powell Jr. as grantor and beneficiary. (ECF No. 2 at PageID 2.) It lists "Jerome Theodore Powell Jr Estate" as Plaintiff and "United States of American and All of Its Subdivision [sic], Subsidiaries, Territories, Enclaves and Minor Islands" as Defendant. (*Id.*) As Judge Claxton points out, the Complaint contains no statement of facts or claims or request for relief.

Judge Claxton, determining that Plaintiff was proceeding in forma pauperis because he had not paid the $405 new civil case filing fee, screened the Complaint under 28 U.S.C. § 1915(e)(2). (ECF No. 5 at PageID 13–14.) Judge Claxton finds the Complaint to be frivolous outright and recommends dismissing it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id.* at 14–16.) Judge Claxton also notes that Plaintiff has been charged with conspiracy to defraud the United States in a criminal proceeding

2

in the Eastern District of Texas. (*Id.* at 13 (citing *United States v. Jerome Theodore Powell*, 4:24-cr-00210-SDJ-AGD)).)

Plaintiff objects, insisting that he paid the correct $52 miscellaneous case filing fee and that he is not proceeding in forma pauperis. (ECF No. 6 at PageID 18.) He argues that "[t]he filing is not a civil complaint nor a petition invoking adjudicatory relief." (*Id.*) He asserts that he did not consent to "adjudication or substantive review" by Judge Claxton under 28 U.S.C. § 636(c). (*Id.*) Plaintiff challenges Judge Claxton's alleged "assertions that the filing was made with fraudulent intent" and her "references [to] an unrelated, unresolved legal matter." (*Id.*)

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If the parties do not object, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). But if there is an objection, the district court reviews the objected-to portions of the R&R de novo. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Judge Claxton entered her R&R on March 18, 2025. The Court reviews the issue of whether Plaintiff paid the correct filing fee, whether he consented to review by a magistrate judge, and whether Judge Claxton prejudicially referenced Plaintiff's fraudulent intent and criminal proceedings de novo. The Court reviews the rest for clear error.

**DISPOSITION**

Having reviewed the record, the Court agrees with Judge Claxton's conclusion but reaches it on different grounds.

The Court shares Judge Claxton's confusion. Plaintiff's filing is unclear whether it is a civil lawsuit or simply a miscellaneous case. And so the Court is confused about which filing fee applies and what if any relief Plaintiff seeks from this Court. In fact, it seems like Plaintiff simply wishes the Court to continue letting him file incoherent documents on the docket indefinitely. (*See* ECF No. 37.) But as this Court has noted before, "the language in the filing bears the hallmark of the sovereign citizen movement." [2] *Woodson v. Woodson*, No. 22-MC-00003-TLP-TMP, 2022 WL 16985602 (W.D. Tenn. Feb. 18, 2022), *report and recommendation adopted*, No. 222MC00003TLPTMP, 2022 WL 16963997, at *1 (W.D. Tenn. Nov. 16, 2022). Plaintiff claims "Jerome Theodore Powell Jr is a living breathing soul and standing on the soil and that he has attained age of majority with claim to the name JEROME THEODORE POWELL JR and all derivatives: mind, body, soul, spirit and blood." (ECF No 2 at PageID 2.)

---

[2] Judge Pham helpfully explained the sovereign citizen movement in *Woodson*.

> Sovereign citizens (or "sovereigns") are a loosely knit network of individuals who express a shared anti-government sentiment. Members of the contemporary movement believe that with the passage of the Fourteenth Amendment, along with various developments in commercial law (including the adoption of the Uniform Commercial Code ("UCC"), abandonment of the gold standard, and creation of the Federal Reserve Bank), the modern-day legal system has tricked people into giving up their sovereign citizenship in order to receive government benefits. Sovereigns believe there are two forms of citizenship—inferior federal (or Fourteenth Amendment) citizenship, and superior state (also known as sovereign, or "de jure") citizenship. By filing perplexing legal documents to free themselves from federal citizenship, sovereigns argue they are exempt from the jurisdiction of any legitimate court, state or federal. Sovereign citizen pleadings are dense, complex, and virtually unreadable. A line of case law has developed to address the voluminous and often frivolous filings of sovereign citizens.

*Woodson*, at *1 (internal citations omitted) (internal quotations omitted).

He tries to establish himself as grantor and beneficiary of a "cestui Que Trust" that shares his same name, entirely in capital letters. (*Id.*)  Referencing his own birth, he states that "no one with a rational mind and full disclosure would allow their newborn to provide DNA, place a footprint or their blood on a corporate document and then sign documents binding their newborn to become a debt slave to a corporate construct." (*Id.* at PageID 4.)  And, as he explains it, the apparent crux of his grand conspiracy is that unspecified "officials" are creating "corporate fictions" of newborns and "thereby placing the living new born [sic] into the book of the dead and allowing the UNITED STATES to take control of the trust to which they are also beneficiary." (*Id.*)

"A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  The claims of sovereign citizens are "entirely without merit and have been consistently rejected by courts." *Woodson*, at *2 (citing *United States v. Bradley*, 26 F. App'x 392, 394 (6th Cir. 2001)); *see also Roach v. Arrisi*, No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016) ("Such theories have not only been rejected by the courts, but also recognized as 'frivolous and a waste of the court resources. . . . [S]overeign citizen theories have been found to be 'utterly frivolous' and 'patently ludicrous,' using 'tactics' that are a waste of their time as well as the court's time, which is being paid for by hard-earned tax dollars.'") (quoting *Muhammad v. Smith*, No. 3:13-cv-760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014)).  In fact, "'[S]overeign citizen contentions represent a categorically different level of frivolity, in that they are filed for the purpose of attacking and threatening the integrity of the court system and the

5

rule of law' and should be disregarded out of hand." *Hunter v. U.S. Govt.*, No. 2:25-cv-02137-MSN-atc, 2025 WL 2476171, at *4 (W.D. Tenn. Aug. 12, 2025), *report and recommendation adopted*, No. 2:25-CV-02137-MSN-ATC, 2025 WL 2470092 (W.D. Tenn. Aug. 27, 2025) (quoting *Muhammad v. Shoffner*, No. 22-cv-2053-SHL-tmp, 2022 WL 3656859, at *2 (W.D. Tenn. July 28, 2022), *report and recommendation adopted*, 2022 WL 3652960 (W.D. Tenn. Aug. 24, 2022)).

The Court therefore need not waste any more time or resources resolving this case. Instead, the Court chooses to dismiss the case sua sponte for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a different rule than the one Judge Claxton relied on. And the Court therefore need not decide whether Plaintiff paid the correct filing fee, whether Plaintiff consented to review by Judge Claxton,[3] or whether Judge Claxton's passing reference to Plaintiff's ongoing criminal proceeding in Texas was prejudicial. The Court **DISMISSES** this case **WITH PREJUDICE** for lack of subject matter jurisdiction.

<u>**CONCLUSION**</u>

The Court has reviewed Judge Claxton's R&R and agrees with her conclusion. And so the Court **ADOPTS** the R&R in part. Accordingly, the Court **DISMISSES** Plaintiff's Claims **WITH PREJUDICE**, **DENIES** Plaintiff leave to appeal in forma pauperis, and **CERTIFIES** that an appeal would not be taken in good faith.

---

[3] The Court notes that Administrative Order No. 2013-05 refers all cases filed by pro se non-prisoner plaintiffs for management of all pretrial matters, obviating the need for Plaintiff's consent. *See* 28 U.S.C. § 636(b)(1).

**SO ORDERED**, this 24th day of April, 2026.

s/Thomas L. Parker

THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE